UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RICKY RAY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 4:08CV01467 JCH |
| ) | |
| DON ROPER, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner Ricky Ray's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. §2254, filed May 5, 2008 (Doc. No. 1 ("Motion")). Because this Court has determined that Ray's claims are inadequate on their face and the record affirmatively refutes the factual assertions upon which Ray's claims are based, this Court decides this matter without an evidentiary hearing.[1]

## BACKGROUND

On December 2, 2004, a jury convicted Ray of the first-degree murder of Rebecca Duvall, under, §565.020, R.S. Mo. (Motion, p. 1; Response to Order to Show Cause Why a Writ of Habeas Corpus Should Not Be Granted ("Response"), Doc. No. 6, p. 1; Respondent's Exhibit

---

[1] "A district court does not err in dismissing a movant's motion without a hearing if (1) the movant's 'allegations, accepted as true, would not entitle' the movant to relief, or '(2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" Buster v. U.S., 447 F.3d 1130, 1132 (8th Cir. 2006) (quoting Sanders v. U.S., 341 F.3d 720, 722 (8th Cir. 2003)(citation and quotation marks omitted); Tejada v. Dugger, 941 F.2d 1551, 1559 (11th Cir. 1991) (in a § 2254 case, holding that "[a] petitioner is not entitled to an evidentiary hearing . . . when his claims are . . . contentions that in the face of the record are wholly incredible.").

("Respondent's Ex.") D).[2]  Ray was sentenced to life imprisonment. State v. Ray, 254 S.W.3d 103 (Mo. Ct. App. 2008).  The Missouri Court of Appeals affirmed his conviction.  (Respondent's Ex. D).  The State appellate court affirmed the denial of his motion for post-conviction relief. (Respondent's Ex. I).

On September 24, 2008, Ray filed this Motion seeking relief based upon the following grounds:

(1) Appellate counsel was ineffective for failing to present on direct appeal that the trial court's determination that Ray was not in custody when making statements to the police was erroneous, and Ray's statement was the product of a custodial interrogation without Miranda warnings.

(2) Trial counsel was ineffective for failing to retain and call a medical or forensic expert witness regarding the state's medical and forensic evidence .

(3) Trial counsel was ineffective for failing to call witness Marilyn Jones, who possessed material evidence that would aide in Ray's defense.

(4) Trial counsel was ineffective for failing to call witness Art Hyde, who possessed material evidence that would aide in Ray's defense.

(5) Trial counsel was ineffective for failing develop evidence that the police failed to investigate crime scene fully, and which would have supported the defense theory that an alternate perpetrator was responsible for the murder.

---

[2]Federal courts considering petitions for habeas relief look to the last reasoned decision of the lower State court on that issue.  Winfield v. Roper, 460 F.3d 1026, 1037 (8th Cir. 2006); Ylst v. Nunnemaker, 501 U.S. 797, 804 (1991).  Here, the Court looks to the decisions of the Missouri Court of Appeals, dated October 11, 2005 (Respondent's Exhibit D) and March 11, 2008 (Respondent's Exhibit I).

(6) The trial court abused its discretion in overruling the defense counsel's request for a mistrial when state's witness Keith Geigers testified that Ray asked Geigers if he knew anyone that would "take care of Rebecca" because the state failed to disclose this evidence prior to trial in violation of Ray's rights to due process and effective assistance of counsel.

(7) Trial counsel was ineffective for failing to develop and investigate the medical examiner's findings and report, which showed that the victim's 911 call identified Tammy Ray, not Ricky Ray, as the person attacking the victim.

(8) Trial counsel was ineffective for failing to impeach Tammy Ray by utilizing Tammy Ray's prior inconsistent statements.

(9) Trial counsel was ineffective for failing to impeach Mike Amerin, by utilizing Amerin's prior inconsistent statements.

(10) Trial counsel was ineffective for failing to investigate and develop the theory that an alternate perpetrator, Tammy Ray, murdered the victim.

## LEGAL STANDARDS

### A. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 2254, a district court "shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "[A]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision

that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). "'A state court's decision is contrary to … clearly established law if it applies a rule that contradicts the governing law set forth in [Supreme Court] cases or if it confronts a set of facts that are materially indistinguishable from a [Supreme Court] decision … and nevertheless arrives at a [different] result.'" Cagle v. Norris, 474 F.3d 1090, 1095 (8th Cir. 2007) (quoting Mitchell v. Esparza, 540 U.S. 12, 15-16 (2003)). A State court "unreasonably applies" federal law when it "identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case," or "unreasonably extends a legal principle from [the Supreme Court's] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." Williams v. Taylor, 529 U.S. 362, 407 (2000). A State court decision may be considered an unreasonable determination "only if it is shown that the state court's presumptively correct factual findings do not enjoy support in the record." Ryan v. Clarke, 387 F.3d 785, 791 (8th Cir. 2004) (citing 28 U.S.C. § 2254(e)(1)). The Supreme Court has emphasized the phrase "Federal law, as determined by the Supreme Court," refers to "the holdings, as opposed to the dicta, of this Court's decisions," and has cautioned that § 2254(d)(1) "restricts the source of clearly established law to [the Supreme] Court's jurisprudence." Williams, 529 U.S. at 412. "[I]n a § 2254 habeas corpus proceeding, a federal court's review of alleged due process violations stemming from a state court conviction is narrow." Anderson v. Goeke, 44 F.3d 675, 679 (8th Cir. 1995).

**B.   Legal Standard for Ineffective Assistance of Counsel**

To support an ineffective assistance of counsel claim, a convicted movant must first show "that his counsel's performance was deficient, and that he suffered prejudice as a result." Paul v. United States, 534 F.3d 832, 836 (8th Cir. 2008) (citing Strickland v. Washington, 466 U.S. 668, 687

(1984)). The movant must also establish prejudice by showing "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694; Malcom v. Houston, 518 F.3d 624, 626 (8th Cir. 2008). A reasonable probability is less than "more likely than not," Kyles v. Whitley, 514 U.S. 419, 434 (1995), but more than a possibility. White v. Roper, 416 F.3d 728, 732 (8th Cir. 2005). A reasonable probability "is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694. "[B]oth the performance and prejudice components of the ineffectiveness inquiry are mixed questions of law and fact" subject to *de novo* review. Id. at 698. "The applicable law here is well-established: post-conviction relief will not be granted on a claim of ineffective assistance of trial counsel unless the petitioner can show not only that counsel's performance was deficient but also that such deficient performance prejudiced his defense." United States v. Ledezma-Rodriguez, 423 F.3d 830, 836 (8th Cir. 2005) (citations omitted).

## DISCUSSION

**I.    Ground 1**

The Missouri Court of Appeals held that this ground was not preserved for appellate review. The Court of Appeals noted that it was unclear from the trial testimony whether Ray made the inculpatory statements while he was restrained in police custody. Trial counsel made no objection to the introduction of Ray's statement at trial and the issue was not raised in Ray's motion for a new trial. As a result, the Missouri Court of Appeals held that "Appellate counsel is not ineffective for failing to raise unpreserved allegations of error." (Respondent's Ex. I, p. 8) (citing Tisius v. State, 183 S.W. 3d 207, 213 (Mo. banc 2006)).

Ray failed to demonstrate ineffective assistance of counsel under the Strickland test. Appellate counsel's failure to raise the Miranda issue regarding Ray's confession cannot be

considered deficient performance because the issue was not preserved for appeal. (Response, p. 4); Kitt v. Clarke, 931 F.2d 1246, 1250 (8th Cir. 1991); see Benson v. State, 611 S.W.2d 538, 541 (Mo. Ct. App. 1980)(Missouri procedure requires constitutional claim to be preserved "at each step of the judicial process"). "The appellate counsel cannot be blamed for an error of the trial counsel." Kitt, 931 F.2d at 1250. In addition, Ray did not assert a claim for ineffective assistance of counsel against trial counsel for failure to raise and preserve his Miranda claim. Ray would not be able to prove prejudice under such circumstances.

In addition, even if appellate counsel would have raised Ray's Miranda claim for review, the Missouri Court of Appeals probably would not have overturned Ray's conviction based upon that claim. (Response, p. 5). The Missouri Court of Appeals reviewed the trial transcript and found no clear evidence of a Miranda violation. (Respondent's Exhibit I, p. 8). Thus, it would have been futile for appellate counsel to raise a Miranda claim. Id.; see also Garrett v. United States, 78 F.3d 1296, 1303, n. 11 (8th Cir. 1996). Appellate counsel is not required to raise a futile issue in order to avoid a Strickland claim. Garrett, 78 F.3d at 1303 ("Ineffective assistance should not be found under Strickland when counsel fails to perform those acts which clearly appear to be futile or fruitless at the time the decision must be made."). Therefore, Ray's Motion with respect to Ground 1 is denied.

**II.     Grounds 2, 3, 4**

In Ground 2, Ray contends that "trial counsel was ineffective for failing to retain and call an expert witness" to rebut the "state's medical and forensic evidence." (Motion, p. 16). In Grounds 3 and 4, Ray contends that trial counsel was ineffective for failing to call Marilyn Jones and Art Hyde to testify. (Motion, pp. 23, 30).

The Missouri Court of Appeals rejected Ray's arguments on these three points. The Missouri Court of Appeals found that Ray knowingly decided not to call certain witnesses. The Missouri Court of Appeals held as follows:

> [Ray] believes his trial counsel should have called an expert witness, Dr. Dix, who would have provided details demonstrating the victim's wounds were inconsistent with the State's theory. [Ray] failed to raise this claim in his Rule 29.15 motion. While [Ray] alleges Dr. Dix would have easily testified regarding an alternate theory regarding the cause of death, [Ray] fails to demonstrate that Dr. Dix was known at the time of trial, could be located, would have been available to testify, or that he would have provided [Ray] a viable defense.
>
> [Ray] also believes his trial counsel should have called Hyde and Jones to testify at trial. The trial court examined [Ray] on the record regarding his trial counsel's selection of defense witnesses. [Ray] stated it was his own decision not to call certain witnesses because he did not want the State to be able to call rebuttal witnesses. [Ray] confirmed there were no other witnesses he wanted to call at his trial. Accordingly, [Ray] cannot clearly establish that his trial counsel's decision was not a matter of trial strategy, especially considering [Ray] was questioned regarding not calling witnesses during trial.

(Respondent's Ex. I, p. 4). In sum, the Missouri Court of Appeals held that Ray's claims for ineffective assistance of counsel fail because he could not demonstrate that his counsel's work fell below the conduct of a reasonably competent attorney or that Ray was prejudiced.

The Court does not second-guess this reasonable trial strategy. "Because of the problems inherent in hindsight analysis, [the Court] 'indulge[s] a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" Loefer v. United States, 604 F.3d 1028, 1029-30 (8th Cir. 2010) (quoting United States v. Staples, 410 F.3d 484, 488 (8th Cir. 2005)). Specifically, "[d]ecisions relating to witness selection are normally left to counsel's judgment, and 'this judgment will not be second guessed by hindsight.'" Hanes v. Dormire, 240 F.3d 694, 698 (8th Cir. 2001) (quoting Williams v. Armontrout, 912 F.2d 924, 934 (8th Cir. 1990)). Thus, "decisions involving trial strategy are 'virtually unchallengeable.'" Loefer, 604 F.3d at 1030 (quoting Link v.

Luebbers, 469 F.3d 1197, 1204 (8th Cir. 2006)); Johnson v. Norris, 537 F.3d 840, 848 (8th Cir. 2008).

The Court finds that Ray has failed to satisfy either prong of the Strickland analysis. First, trial counsel did not act unreasonably in failing to call any of the witnesses mentioned by Ray. With respect to the "expert witness," Ray did not identify a specific expert that would have been able to provide the exculpatory testimony he desires.[3] See Saunders v. United States, 236 F.3d 950, 952 (8th Cir. 2001) ("Without knowing who Saunders would have had counsel call as witnesses and what their testimony in his defense might have been, it is not possible for us--or anyone--to determine whether counsel's failure to identify (assuming trial counsel in fact failed to identify these witnesses) or to call such witnesses was reasonable at the time of trial."). Without identifying the witness, the Court cannot evaluate the quality of that witness or the effect of his/her testimony. Ray's counsel cannot be found deficient for failing to call an unidentified witness.

The Court also holds that counsel did not act unreasonably in failing to call Marilyn Jones or Art Hyde because Ray testified that his attorney had thoroughly investigated all of his potential witnesses, that they had discussed those witnesses and that Ray instructed his attorney not to call any other witnesses than those who testified. (Respondent's Ex. K, pp. 1188-1192). Ray also testified that he had instructed his attorney not to call other witnesses because he did not want to open up the door to rebuttal. Finally, Ray testified that his counsel went "above and beyond" what was asked of him and there was no other testimonial evidence that he wanted to present. (Respondent's Exhibit

---

[3]In his appeal to the Missouri Court of Appeals, Ray stated that his counsel acted unreasonably for failing to call Dr. Dix at trial. (Respondent's Ex. I, p. 4). Dr. Dix, however, passed away before the underlying crime occurred in this case. (Id.; Respondent's Ex. F, p. 14). The Respondent assumes that Ray is referring to Dr. Dix when he refers to an expert witness. (Response, pp. 7-8). The Court does not make the same assumption but notes that Ray failed to identify a specific expert witness.

K, pp. 1190-91); see also Smith v. Lockhart, 921 F.2d 154, 157 (8th Cir. 1990) (quoting Blackledge v. Allison, 431 U.S. 63, 74, 52 L. Ed. 2d 136, 97 S. Ct. 1621 (1977) ("'Solemn declarations in open court carry a strong presumption of verity.'"). As a result, the Court finds that Ray has failed to satisfy Strickland's deficient-performance prong. The Court finds that the Missouri Court of Appeal's determination that trial counsel's conduct did not fall below acceptable standards was supported by clearly established federal law, as determined by the Supreme Court of the United States. 28 U.S.C. §2254(d)(1).

In addition, Ray has failed to identify any prejudice he suffered from counsel's failure to call these witnesses. With respect to Ray's purported "expert witness," the Court cannot determine if Ray was prejudiced because it cannot evaluate the quality or content of the testimony of an unidentified witness. See Saunders, 236 F.3d at 952-53 ("the lack of specificity as to both the identity of the conjectural witnesses and the content of their testimony prevents us from assessing whether there was prejudice to Saunders's defense as the result of counsel's performance, that is, whether there is a reasonable probability that the outcome would have been different but for counsel's alleged failings"). Ray cannot show prejudice from the failure to call his unidentified expert witness. Saunders, 236 F.3d at 953.

Moreover, none of the three proposed witnesses were present during the murder. Ray provides no evidence or support that the witnesses's testimony would have impeached the credibility of the other witnesses, including Ray's wife, Tammy. Further, the trial court noted during post-conviction review that the evidence against Ray was overwhelming:

> The prosecution presented a very strong case pertaining to the guilt of [Ray]. St. Louis County Police Officer Mike Amrein testified shortly after arriving on the scene [Ray] told him, "I did it all, I did it, she didn't do anything." Amrein also told the jury [Ray] appeared intoxicated and under the influence of drugs while at the crime scene, right after the murder of the victim (tr. 542-43). Neighbor Karen Crapo testified earlier in the evening prior to the murder she heard a male and a younger female

arguing. The younger female sounded as if she was in her late teens or early twenties. (tr.618-19). Victim Rebecca Duvall was twenty-five when she was killed while Tammy Ray was thirty-seven. Dr. Case testified the victim died of strangulation which would have required three to five minutes of constantly applied pressure to the throat of the victim before she died. Dr. Case also testified it would have been nearly impossible for Tammy Ray to strangle Duvall to death with the significant wound on [Tammy] Ray's arm and significant blood loss attributed to such wound. (tr. 940-57).

Furthermore, Janet Ray, the nine year old daughter of [Ray] and Tammy Ray, testified at trial that shortly before the murder of Duvall, [Ray] and Duvall were arguing with each other. Janet Ray also testified that she saw [Ray] dragging Duvall by her shirt, causing Duvall's shirt to rip earlier in the day. Finally, Janet Ray testified [that] at no time on the day of Duvall's death was Tammy Ray engaged in any type of argument or altercation with Duvall (tr. 785-94). Dr. Case also testified that she reviewed photographs of [Ray] taken hours after Duvall's death whereby Dr. Case could see bruising on the bicep area of Ray in the form of finger marks. (tr. 953-57). The strength of the prosecution's case was overwhelming.

(Respondent's Ex. H, p. 111). In light of the evidence presented at trial, the Court finds that Ray cannot demonstrate that he was prejudiced because these witnesses did not testify. Plaintiff's Motion is denied with respect to Grounds 2, 3 and 4.

## III.     Ground 5

In Ground 5, Ray claims that the motion court erred in denying his claim for post-conviction relief because trial counsel failed to develop and present facts demonstrating that the police did not investigate the crime scene fully and evidence was left behind. Ray claims that the victim's bloody sandal and a bloody board were left behind after the police concluded their crime scene investigation. Ray claims that "had counsel shown this evidence to the jury at trial it would have proven that the investigation was not as complete and thorough as the State was asserting and it would have supported the defense theory that the State is mistaken because an alternate perpetrator is responsible for the murder." (Motion, p. 35).

The Supreme Court has indicated that a failure to investigate based on "inattention, not reasoned strategic judgment" is unreasonable, as is abandoning an "investigation at an unreasonable

juncture, making a fully informed decision … impossible." Wiggins v. Smith, 539 U.S. 510, 526, 527-28, 123 S. Ct. 2527, 156 L. Ed. 2d 471 (2003); Ringo v. Roper, 472 F.3d 1001, 1004 (8th Cir. 2007). The Supreme Court has instructed that when determining whether counsel's investigation was adequate, a court must consider whether the evidence that counsel has "would lead a reasonable attorney to investigate further." Wiggins, 539 U.S. at 527. To be entitled to a hearing on his claim of failing to investigate, Ray "must: (1) cite facts, not conclusions, which would warrant relief; (2) show the factual allegations are not refuted by the record; and (3) prove he was prejudiced by the factual allegations." Jones v. State, 24 S.W.3d 701, 703-04 (Mo. Ct. App. 1999) (citing Moore v. State, 974 S.W.2d 658, 659 (Mo. Ct. App. 1998)).

The Missouri Court of Appeals held that Ray failed to meet this burden because he did not show how the bloody shoe and board would have demonstrated that he was innocent. Rather, Ray states, in a conclusory fashion, that the shoe and board would have somehow led the jury to blame an alternate perpetrator. Thus, Ray has failed to show that the failure to investigate additional evidence was objectively unreasonable and would have produced a different result at trial. Strickland, 466 U.S. at 687.

In addition, Ray's ineffective assistance of counsel claim fails because he cannot demonstrate that his attorney acted unreasonably. Ray's counsel cannot be required to argue that the police did not fully investigate the crime scene, particularly because Ray testified that he was completely satisfied with his attorney's services. (Respondent's Ex. K, pp. 1190-92). Ray also testified that his attorney had conducted extensive discovery and depositions and that there was no other evidence that he wished to present at trial. (Id.) Ray's in-court testimony refutes this claim that his attorney should have presented evidence that the police did not fully investigate the crime.

Moreover, Ray cannot demonstrate that he was prejudiced, as required under the second prong of the Strickland test. As previously noted, the evidence against Ray was overwhelming. Ray's claim that the police failed to gather two blood-stained pieces from the crime scene would not have tipped the balance of the evidence in favor of Ray. The Court finds that jury verdict would not have changed if Ray's attorney had introduced the bloody sandal and board into evidence. Accordingly, Ray could not establish Strickland's prejudice prong in this case. The Missouri Court of Appeal's resolution of this issue was not objectively unreasonable, and this claim is without merit.

**IV.    Ground 6**

In Ground 6, Ray claims that "the trial court abused its discretion in overruling defense counsel's request for a mistrial when State's witness Keith Geigers testified that [Ray] asked him if he knew anyone to 'take care of Rebecca', the victim, because the State failed to disclose this evidence prior to trial." (Motion, p. 39).

At trial, Keith Geigers, Ray's friend, testified that he did not attend the June 15 barbecue at Ray's home because Ray had made statements to Geigers that Rebecca, the victim, knew too much and "had to go." Geigers testified that Ray had asked him if he knew someone to "take care of" Rebecca. Defense counsel objected to the testimony because Geiger's statement that Ray had asked Geigers if he knew someone to "take care of" Rebecca was not disclosed prior to trial and constituted a discovery violation. Outside the presence of the jury, Geigers testified that he had told both the police and the prosecutor about this statement prior to trial. The trial court held that Geigers's testimony "went a great deal further" than his statement in the police report. The trial court struck Geigers's testimony in its entirety and gave the jury a curative instruction to disregard all of Geigers's testimony.

The Missouri Court of Appeals found no abuse of discretion in the trial court's decision to strike Geigers's entire testimony and provide a curative instruction, instead of a mistrial. (Respondent's Ex. D, pp. 2-6). The Missouri Court of Appeals noted that a mistrial is a "drastic remedy" to be utilized only when all other remedies are insufficient. State v. Wallace, 43 S.W. 3d 398, 403 (Mo. Ct. App. 2001). In addition, the Missouri Court of Appeals found that striking Geigers's entire testimony and providing a curative instruction afforded Ray a sufficient remedy. The Missouri Court of Appeals emphasized that the trial court struck Geigers's entire testimony, including the properly-admitted, inculpatory statements by Ray that Rebecca "had to go" and "knew too much."

"'It is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.'" Brown v. Luebbers, 371 F.3d 458, 466 (8th Cir. 2004) (quoting Estelle v. McGuire, 502 U.S. 62, 67-68, 116 L. Ed. 2d 385, 112 S. Ct. 475 (1991)). "Questions regarding admissibility of evidence are matters of state law, and they are reviewed in federal habeas inquiries only to determine whether an alleged error infringes upon a specific constitutional protection or is so prejudicial as to be a denial of due process." Rousan v. Roper, 436 F.3d 951, 958 (8th Cir.) (quotation omitted), cert. denied, 127 S. Ct. 68, 166 L. Ed. 2d 60 (2006). Federal court should "reverse a state court evidentiary ruling only if the 'petitioner . . . shows that the alleged improprieties were so egregious that they fatally infected the proceedings and rendered his entire trial fundamentally unfair. To carry that burden, the petitioner must show that there is a reasonable probability that the error complained of affected the outcome of the trial--i.e., that absent the alleged impropriety the verdict probably would have been different.'" Anderson v. Goeke, 44 F.3d 675, 679 (8th Cir. Mo. 1995)(quoting Hamilton v. Nix, 809 F.2d 463, 470 (8th Cir. 1987)).

The Court finds that Ray cannot show that the proposed outcome of the trial would have been different absent Geigers's testimony. The trial judge, who was in the best position to determine any

prejudicial effect of the testimony, exercised his discretion in denying a mistrial. Ray has not presented any evidence to demonstrate that the judge improperly exercised this discretion.

In addition, Ray cannot show any prejudice, particularly in light of the curative instruction given by the trial judge. See Anderson, 44 F.3d at 679 (8th Cir. 1995) (citing Hamilton, 809 F.2d at 470)("Of particular importance is ... whether the trial judge gave a cautionary instruction to the jury on how to properly use the testimony elicited."); State v. Weaver, 912 S.W.2d 499, 513 (Mo. banc 1995) ("The objection, followed by the curative instruction, is adequate here."). Courts presume that jurors follow these instructions. United States v. Levine, 477 F.3d 596, 604-05 (8th Cir. 2007). Also, as previously, discussed, Ray cannot demonstrate prejudice because of the overwhelming evidence regarding his guilt that was presented at trial. Accordingly, this Court finds that the Missouri Court of Appeals did not unreasonably apply clearly established Supreme Court precedent when it refused to declare a mistrial based upon Geigers's testimony. Ray's Motion with respect to Ground 6 is denied.

**V.      Ground 7**

        A.      Procedural Default

In Ground 7, Ray claims his trial counsel was ineffective for failing to investigate the medical examiner's findings and report. (Motion, p. 41). Ray asserts that the medical examiner's investigation and report showed that the victim called 911 and identified Tammy Ray, not her husband, as the person attacking her in the garage. (Id.)

The Missouri Court of Appeals did not reach the substantive merits this claim because Ray failed to properly present it in his *pro se* post-conviction motion. The Missouri Court of Appeals determined that Ray should have raised this ineffectiveness claim in his amended Rule 29.15 motion for post-conviction relief. See Mo.Sup.Ct.R. 29.15(a)(exclusive means of asserting ineffective assistance of counsel claims against trial and direct-appeal counsel is through a Rule 29.15 post-

conviction motion). The Missouri Court of Appeals determined that it could not review an issue which was not before the motion court. Respondent's Ex. I, pp. 7-8 (citing State v. Mullins, 879 S.W.2d 229, 231 (Mo. Ct. App. 1995)).

"'In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.'" Oglesby v. Bowersox, 592 F.3d 922, 924 (8th Cir. 2010) (citing Coleman v. Thompson, 501 U.S. 722, 750, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991)). To meet the exception of a fundamental miscarriage of justice, "a habeas petitioner [must] present new evidence that affirmatively demonstrates that he is innocent of the crime for which he was convicted." Abdi v. Hatch, 450 F.3d 334, 338 (8th Cir. 2006). "If 'the last state court rendering a judgment in the case clearly and expressly states that its judgment rests on a state procedural bar,' a federal habeas court is precluded from reviewing the claim." Oglesby, 592 F.3d at 924 (quoting Harris v. Reed, 489 U.S. 255, 263, 109 S. Ct. 1038, 103 L. Ed. 2d 308 (1989)).

Here, the Missouri Court of Appeals was "the last state court rendering a judgment in the case." Rule 29.15 is a "firmly established and regularly followed" state procedural rule that provides "substantive, well-established procedures that movants are required to follow in order to have their claims considered post-trial." Francis v. Miller, 557 F.3d 894, 899 (8th Cir. 2009) (citation omitted). Ray failed to assert his ineffective assistance of counsel claim regarding the trial counsel's failure to develop and investigate the medical examiner's finding and report in Ray's Rule 29.15 post-conviction motion. Thus, Ray procedurally defaulted on this claim.

Ray has not established cause to excuse the procedural default. As discussed previously, the Court has ample evidence of Ray's guilt in Rebecca's murder and he cannot demonstrate that he is

"actually innocent." The Court finds no basis to excuse Ray's procedural default. Therefore, Ray's seventh ground for relief is procedurally barred from review by this Court.

B. Merits

In addition, even if Ray's seventh ground for relief were not procedurally defaulted, this claim also fails on the merits. Ray claims that his attorney was ineffective for failing to investigate the a report from the medical examiner's investigator that "at 2214 the deceased called 9-1-1 and told the operator that she had been assulated [sic] by Ms. Ray and she was hiding in the garage and needed help." (Doc. No. 1-1, p. 14, Petitioner's Ex. F).

Ray, however, fails to meet the first prong of the Strickland test because the evidence shows that his counsel investigated the medical examiner's investigator's report. (Respondent's Ex. K, pp. 153-160). Counsel stated that the investigator's report indicated that Rebecca told the 9-1-1 dispatcher that she was being assaulted by Tammy Ray. Counsel, however, was never able to located the 9-1-1 tape, and the investigator conceded that he learned about the alleged report from a police officer. (Id., p. 155). The parties agreed that the investigator's account was hearsay and the court allowed counsel to voir dire the police officers who investigated the case to determine if any of those police officers provided this information. (Id., pp. 155, 158, 160).

Ray, however, did not object to the trial court regarding this point. (Id., pp. 1190-1192). Instead, Ray indicated that his attorney had done everything asked of him. (Id.) As a result, the Court cannot find a Strickland violation because trial counsel appears to have performed adequately, as evidenced by Ray's own testimony. Accordingly, Ground 7 fails on the merits.

VI. **Ground 8**

In Ground 8, Ray claims that trial counsel was ineffective because he did not "adduce or impeach State's witness Tammy Ray." (Motion, p. 44). He asserts that counsel failed to use prior

- 16 -

inconsistent statements made by Marilyn Jones and her uncle, Art Hyde, that would have supported his defense theory. (Id.)

    A.    Procedural Default

As with Ground 7, the Missouri Court of Appeals did not reach the merits of Ray's claim in Ground 8 because he did not raise it in his post-conviction motions under Rule 29.15. (Respondent's Ex. I, p. 6). As discussed previously, Ray's failure to raise this claim in the court below bars this Court from reviewing this point. Ray's Motion with respect to Ground 8 is denied on this basis.

    B.    Merits

Ray claims that Tammy Ray's statements were inconsistent with other statements she made to Marilyn Jones and Art Hyde. Ray believes that Tammy Ray made statements about not fighting with the victim, her relationship with the victim, what she had learned the night of the murder and how she was acting the night the victim died. (Motion, p. 45). Ray, however, told the trial court that he did not want Marilyn Jones or Art Hyde to testify, and that he did not have any complaints about his attorney's representation. (Respondent's Ex. K, pp. 1188-1191). Given Ray's testimony, his claim that his attorney's level of performance was deficient must fail.

In addition, Ray cannot demonstrate prejudice because of the overwhelming evidence to support his conviction, including Ray's confession and his strangulation-related injuries. Also, Ray would have had difficulty impeaching the testimony of Janet Ray and Karen Crapo, who stated that Ray and the victim, not Tammy Ray and the victim, were fighting on the day of the murder. The Court finds that Ray, therefore, could not have demonstrated prejudice under Strickland, and Ground 8 also fails on the merits.

## VII. Ground 9

In Ground 9, Ray claims that his trial counsel was ineffective because he failed to impeach Sergeant Mike Amerin. (Motion, p. 48). Ray asserts that Amerin made statements that were inconsistent with previous statements by other officers. (Id.)

The Missouri Court of Appeals rejected Ray's claim. Ray wanted to call detective Joseph Nickerson to refute Amerin's testimony. Ray apparently wanted Nickerson to testify because he would have made more favorable character determinations than Amerin. The Missouri Court of Appeals, however, noted that Ray never pleaded that Nickerson would have been available to testify either at an evidentiary hearing or at trial. In addition, the Court found that there was no evidence that Nickerson's testimony would have been favorable to Ray. Ray provided no evidence that the outcome of the trial would have been different if Nickerson would have testified. Rather, Ray testified on the record that there were no additional witnesses that he wanted to call at trial. (Respondent's Ex. I, p. 6).

This Court finds that the Missouri Court of Appeals properly applied Strickland to Ground 9. As discussed, before Ray rested his case, he told the court that his attorney conducted extensive discovery and Ray did not want to call any other witnesses. (Respondent's Ex. K, pp. 1189-92). Thus, based upon Ray's testimony, his counsel's performance was not deficient. In addition, as previously discussed, Ray cannot demonstrate prejudice because of the overwhelming evidence of his guilt, particularly his confession. Accordingly, the Court denies Ray's Motion with respect to Ground 9.

## VII. Ground 10

In Ground 10, Ray claims that his trial counsel was ineffective because he failed to investigate whether an alternate perpetrator, Tammy Ray, committed the murder. (Motion, p. 51).

The Missouri Court of Appeals noted that Ray acknowledged that his counsel presented and elicited evidence that an alternate perpetrator could have committed the crime. Ray believed that his trial counsel should have done more, including introducing Tammy Ray's medical records to demonstrate she was the perpetrator. The trial court, however, found these records inadmissible. The Missouri Court of Appeals found that trial counsel was not ineffective simply because he was unable to get inadmissible evidence admitted into evidence. (Respondent's Ex. I, pp. 6-7 (citing Williams v. State, 168 S.W.3d 433, 441 (Mo. banc 2005)).

Ray's claim that his counsel was ineffective fails under the Strickland review. Although Ray asserts that his counsel did not vigorously pursue a defense that Tammy Ray was the actual perpetrator, the court transcript indicates otherwise. In defense counsel's opening statement, he told the jury that Tammy was the murderer. (Respondent's Ex. K, pp. 429, 434-47). Defense counsel also attempted to elicit testimony on cross-examination that Tammy Ray, not her husband was the actual perpetrator. (Id., pp. 628-30, 635-36, 729-79, 846-59, 892-97, 957-1001, 1008, 1084-1103). Defense counsel also stated in closing arguments that the evidence showed the murderer was Tammy Ray. (Id., pp. 1206-26).

Moreover, Ray testified in open court that he was satisfied with the representation he received from defense counsel. (Id., pp. 1190-91). Ray also acknowledged that his counsel pursued the alternate perpetrator theory of defense. (Id., p. 1192). Accordingly, the Court finds that Ray's claim that his counsel was ineffective for not pursuing an alternate theory of the case is without merit. The Missouri Court of Appeals reasonably applied federal precedent from Strickland when it rejected Ray's ineffective assistance of counsel claim. Ray's Motion with respect to Ground 10 is denied.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner Ricky Ray's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2254 (Doc. No. 1) is **DENIED**.

**IT IS FURTHER ORDERED** that because Petitioner cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997), cert. denied, 525 U.S. 834, 119 S. Ct. 89, 142 L. Ed. 2d 70 (1998).

Dated this 23rd day of July, 2010.

                                        /s/ Jean C. Hamilton
                                        UNITED STATES DISTRICT JUDGE